**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **PRAK LY,** | |
| **Petitioner,** | **CIV 10-01858 PHX ROS (MEA)** |
| **v.** | **REPORT AND RECOMMENDATION** |
| **KATRINA KANE,** | |
| **Respondent.** | |

**TO THE HONORABLE ROSLYN O. SILVER:**

Mr. Prak Ly ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241(c)(3) on August 27, 2010. Respondents filed a Response in Opposition to Petition for Writ of Habeas Corpus on January 25, 2011, and filed a pleading suggesting the petition is moot on March 1, 2011. See Doc. 13. Respondent avers Petitioner was deported on February 15, 2011.

**Background**

Petitioner is a native of Cambodia and a citizen of Thailand. See Response, Exh. 1 & Exh. 2. On February 20, 1981, the former Immigration and Naturalization Service (INS) admitted Petitioner to the United States as a refugee. On December 2, 1985, Petitioner adjusted his status to that of a lawful permanent resident. On September 16, 2005, the Superior Court of California convicted Petitioner of assault with a deadly

weapon, for which crime he was sentenced to two years imprisonment. Id., Exh. 3.

On October 15, 2009, the Department of Homeland Security (DHS) placed Petitioner in removal proceedings by issuing a Notice to Appear. Id., Exh. 4. The government charged Petitioner with being removable pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who at any time after admission has been convicted of an aggravated felony as defined in Section 101(a)(43)(F) of the INA, a crime of violence. The government subsequently lodged additional factual allegations against Petitioner. Id., Exh. 5.

Petitioner abandoned all relief from removal and, on June 9, 2010, an Immigration Judge (IJ) ordered Petitioner removed to Thailand or to Cambodia. Id., Exh. 6. On April 13, 2010, the government served Petitioner with a Notice to Alien of File Custody Review, Form I-229(a) Warning for Failure to Depart, and Instruction Sheet to Detainee Regarding Requirement to Assist in Removal. Id., Exh. 7. On April 16, 2010, Petitioner filed a motion to reopen his case to allow him the opportunity to apply for a waiver and adjust his status. Petitioner claimed that he was never advised of the waiver. Id., Exh. 8. On June 9, 2010, the IJ denied Petitioner’s motion to reopen, finding that Petitioner was provided with numerous opportunities to apply for relief but explicitly declined to pursue relief and that Petitioner had requested the issuance of a final order of removal. Id., Exh. 9.

On July 30, 2010, the government served Petitioner with a Decision to Continue Detention. Id., Exh. 10. In reaching this decision, the government determined that Petitioner posed a danger to the community and was a significant flight risk. On October 17, 2010, the government served Petitioner with a Decision to Continue Detention. Id., Exh. 11. In reaching this decision, the government determined that a request for travel documents had been submitted and the government expected to obtain travel documents from the Consulate of Cambodia in the reasonably foreseeable future. On January 5, 2011, the government served Petitioner with a Decision to Continue Detention. Id., Exh. 12. In reaching this decision, the government determined that travel documents had been issued by the Consulate of Cambodia and Petitioner's removal was expected in the reasonably foreseeable future.

Respondents present evidence to the Court that Petitioner was removed from the United States on or about February 15, 2011. Because the petition for habeas relief attacks only the legitimacy of Petitioner's continued detention, the petition is now moot. The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54 (1990) (internal quotations omitted). If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th

Cir. 1991).

The relief that Petitioner requested in his habeas petition, i.e., his release from continued and potentially indefinite detention, can no longer be granted by the Court. Therefore, this habeas action, alleging Petitioner's continued detention violates federal law and his constitutional rights, is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding that "there must be some remaining 'collateral consequence' that may be redressed by success on the petition" in order for a habeas to continue); Picrin-Peron, 930 F.2d at 775; Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006); Soliman v. United States, 296 F.3d 1237, 1243 (11th Cir. 2002).

Because Petitioner is no longer in detention, and because his release is entirely without conditions or limits, his habeas petition alleging that his previous detention was unauthorized is now moot. See Kaur v. Holder, 561 F.3d 957, 959 (9th Cir. 2009); Abdala, 488 F.3d at 1065 Qassam v. Bush, 466 F.3d 1073, 1075 (D.C. Cir. 2006) (exception to mootness for "voluntary cessation" does not apply where there is no reasonable expectation that the alleged government conduct will recur, and interim events have completely eradicated the effects of the alleged violation).

**Conclusion**

The Petition for Writ of Habeas Corpus is moot because the petition challenges only the legitimacy of Petitioner's continued detention and Petitioner has now been released from detention without any restrictions or apprehension of immediate re-detention. There is no existing case or controversy over

which this Court may exercise jurisdiction and, therefore, this case is moot.

**IT IS THEREFORE RECOMMENDED** that Mr. Ly's Petition for Writ of Habeas Corpus be **dismissed with prejudice as moot**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law

in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 16th day of March, 2011.

Mark E. Aspey
United States Magistrate Judge